BLANK ROME, LLP
Attorneys for Plaintiff
ISPAT INDUSTRIES LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISPAT INDUSTRIES LTD.,

    Plaintiff,

-against-

SAMSON FREIGHT (EGYPT) LTD.,

    Defendant.

---

08 Civ. 2145 (HB)

**VERIFIED COMPLAINT**

Plaintiff, ISPAT INDUSTRIES LTD. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, SAMSON FREIGHT (EGYPT) LTD., ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its offices in Mumbai, India.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized with its offices at 38/44, New Club Street, New Maadi, Cairo, Egypt, and with no place of business in the United States.

2

4. By a charter party dated on or about June 8, 2007, ("the Charter"), Plaintiff chartered the ocean-going cargo vessel M/V ISPAT STAR ("the Vessel") to Defendant.

5. In breach of the Charter, defendant has to date wrongfully failed to pay charter hire as and when it became due in the amount of $121,064.80, no part of which has been paid although duly demanded.

6. The Charter provides for arbitration of disputes in India, subject to English law and LMAA rules. Plaintiff reserves it right to arbitrate the disputes pursuant to 9 U.S.C. § 8.

7. Maritime Arbitrators in India routinely award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates these recoverable costs and interest will be at least US$40,000.

8. Accordingly, the total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **US$161,064.80**.

9. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B

of the Supplemental Rules for Admiralty or Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of the Defendant up to the amount of **US$161,064.80** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
March 3, 2008

                                    Respectfully submitted,
                                    BLANK ROME, LLP
                                    Attorneys for Plaintiff
                                    ISPAT INDUSTRIES LTD.

By _____
        Thomas H. Belknap, Jr. (TB-3188)
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
3rd day of March, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 2C 4703128 ... in Nassau Cty.
Certificate ... New York County
Commi... Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
ISPAT INDUSTRIES LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISPAT INDUSTRIES LTD.,<br><br>Plaintiff,<br><br>-against-<br><br>SAMSON FREIGHT (EGYPT) LTD.,<br><br>Defendant. | 08 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK     )
                     ) ss:
COUNTY OF NEW YORK    )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, SAMSON FREIGHT (EGYPT) LTD. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a maritime contract of charter party and is a foreign corporation with its offices at 38/44 New Club Street, New Maadi, Cairo, Egypt, and with no place of business within this judicial district.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
THOMAS H. BELKNAP, JR.

Sworn to before me this
3rd day March, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. ...
Certificate Filed in Nassau City,
Commission... New York County.

NOV 30, 2009

129163.00603/6616496v.1

2